UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14012-CR-GRAHAM/MAYNARD
CASE NO. 02-14051-CR-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PHILLIP MORRIS HERRIN,

    Defendant.

_____/

FILED by _____ D.C.

SEP 06 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## ORDER FINDING PROBABLE CAUSE ON PETITION
## ALLEGING VIOLATIONS OF SUPERVISED RELEASE

The Defendant, PHILLIP MORRIS HERRIN, appeared before the Court on September 5, 2017 for a probable cause hearing on the Petition for Warrant or Summons for Offender under Supervision (the "Petition") [02-CR-14012, D.E. 242; 02-CR-14051, D.E. 37].

Defendant was originally convicted in 2002 of conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846 (in Case No. 02-CR-14012). Defendant received a sentence of eighty-four (84) months in prison, followed by a five (5) year term of supervised release. [02-CR-14012, D.E. 152].

Defendant was also convicted in 2002 of possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (in Case No. 02-CR-14051). Defendant received a sentence of sixty (60) months in prison (to run consecutively to the 84-month sentence in Case No. 02CR14012) followed by a five (5) year term of supervised release (to run concurrently with

the period of supervised release in Case No. 02-CR-14012). [02-CR-14051, D.E. 21]. Defendant first commenced supervised release on March 5, 2013.

On September 2, 2014, a petition for a warrant for violation of supervised release was filed. [02-CR-14012, D.E. 225; 02-CR-14051, D.E. 22]. Defendant subsequently admitted to violating his supervised release by driving under the influence of alcohol, possessing an open container in a motor vehicle, failing to participate in an approved domestic violence program, failing to notify the probation office of any change in residence, and failing to report to his probation officer as directed. On May 20, 2015, United States District Judge Donald L. Graham sentenced Defendant to six (6) months in prison followed by three (3) years supervised release. [02-CR-14012, D.E. 238; 02-CR-14051, D.E. 36]. Defendant's second term of supervised release began on September 4, 2015.

Another petition for violation of supervised release was filed in Case No. 02-CR-14012 on July 26, 2017, D.E. 242, and in Case No. 02-CR-14051 on July 27, 2017, D.E. 37. The Petition charges Defendant with violating the following conditions of his supervised release:

**Violation Number 1** **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 8, 2017 the defendant submitted a urine specimen which tested positive for the presence of amphetamines in our local laboratory; and subsequently was confirmed positive by Alere Incorporated.

**Violation Number 2** **Violation of Standard Condition**, by failing to work regularly at a lawful occupation. Since on or about June 9, 2017, the defendant has failed to work regularly as required by United States Probation.

**Violation Number 3** **Violation of Mandatory Condition**, by refusing to submit to drug testing. The defendant failed to submit to drug testing as scheduled by the probation office.

| | |
|---|---|
| **Violation Number 4** | **Violation of Standard Condition**, by failing to report to the probation officer as directed. On July 5, 2017, during a telephone call the defendant was instructed to report to U.S. Probation on July 6, 2017 for a urine sample and he failed to comply. |
| **Violation Number 5** | **Violation of Mandatory Condition,** by failing to notify the probation office of any change in residence. On or about July 10, 2017, the defendant moved from his approved residence of 4526 Southeast 21 Court, Okeechobee, Florida 34972, and his whereabouts are unknown. |
| **Violation Number 6** | **Violation of Standard Condition,** by failing to report to the probation officer in a manner and frequency as directed by the court or probation officer. The defendant has failed to submit written monthly reports for the months of April, May, and June 2017 as directed, in person, via mail, electronically submitted, etc. |

At the hearing, Defendant and his counsel acknowledged having received copies of the Petition and the July 21, 2017 Memorandum from U.S. Probation to the District Court (the "Memorandum"). Both parties agreed that the Court could utilize those documents to determine probable cause. Defendant also admitted Violation Numbers 1, 2, 3, 4, 5, and 6, inclusive, at the hearing.

The Court has considered the Petition and Memorandum, and finds that they establish probable cause to believe the violations alleged therein occurred. The Petition and Memorandum are authored by U.S. Probation Officer Carisa Bauza; and the Petition includes a declaration under penalty of perjury that the information it contains is true and correct.

The Memorandum alleges that on June 6, 2017, the probation officer received a text message from Defendant's ex-girlfriend advising that he was on drugs. That same day, telephone contact was made with Defendant and he was instructed to report to the probation office on June 8, 2017. On June 8, 2017, Defendant reported to the probation office as instructed

3

and submitted a specimen which tested positive for the presence of amphetamines. Defendant was then instructed to report to the probation office every Monday and Thursday for testing and has failed to do so.

The Memorandum further alleges that on July 5, 2017, Defendant was instructed to report to the probation officer for a urine sample. Defendant failed to comply. Also, on July 10, 2017, Defendant moved from his approved residence of 4526 Southeast 21 Court, Okeechobee, FL 34972 and his whereabouts are unknown.

At the hearing, the government proffered facts supporting its allegation that Defendant has failed to work regularly at a lawful occupation. Thus, based upon the foregoing, the Court finds probable cause to believe Defendant committed the above violations of his supervised release.

It is therefore **ORDERED AND ADJUDGED** that there is sufficient probable cause to believe Defendant has violated the conditions of supervised release.

**DONE and ORDERED** in Chambers at Fort Pierce, in the Southern District of Florida, this 6th day of September, 2017.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Diana Acosta
AFPD Fletcher Peacock
U.S. Probation (USPO Carisa Bauza)